UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES LOPEZ, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>          Defendant. | Case No.: 22-CV-00285-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[ECF Nos. 1, 2.]** |

On March 3, 2022, Plaintiff Moises Lopez ("Plaintiff"), proceeding pro se, filed a complaint against Defendant BMW of North America, LLC ("Defendant"). ECF No. 1. Plaintiff did not pay the filing fee and instead applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons set forth below, the Court DENIES Plaintiff's motion to proceed *in forma pauperis* and sua sponte DISMISSES the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**A. Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a); Civ. L.R. 4.5(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted a form application and declaration stating that his gross wages are $2,050.00 per month and his take-home pay is $1,748.00 per month. ECF No. 2. Plaintiff states that he has not received any other form of income during the past twelve months. *Id*. Plaintiff claims that he has $55.00 in cash or in his bank accounts. *Id*. at 2. Plaintiff's application states "N/A" when asked to list any "automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value" that he owns. *Id*. Further, Plaintiff's application states "N/A" when asked to list any debts, financial obligations, or regular monthly expenses. *Id*.

Based on Plaintiff's representations, the Court finds that Plaintiff is able to pay the filing fee due to his existing monthly income and lack of monthly expenses and financial

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1 | obligations. Accordingly, the Court DENIES Plaintiff's request to procced IFP.

2 | **B.      Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000). Section 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court holds pro se plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a pro se complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives pro se plaintiffs leave to amend unless

"it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint fails to allege a cause of action for relief. Instead, the complaint comprises a recitation of automotive design flaws found in the 2020 BMW X7 M50i model, although Plaintiff's principal concern regards his own vehicle—a 2001 BMW X5 sports utility vehicle. ECF No. 1. He complains of Defendant's conduct in sending out an "URGENT RECALL REPAIR" notice for defective Takata-brand airbags "after 20 years [of] driving his car." *Id*. at 6. He alleges that he "suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries … to his [] health and well-being," from Defendant's 2021 airbag recall notice. *Id*. Plaintiff contends that he "had no idea that he actually is risking the lives of his precious children while driving them around in the car with defective airbags [as] they can explode any minute." ECF No. 1 at 6. In his prayer for relief, Plaintiff claims that Defendant has "engaged in additional violations of the aforementioned statutes," yet does not mention or cite to any statutes. *Id*. at 7. Plaintiff must state what his legal theory is and allege facts demonstrating that such theory plausibly entitles him to relief. Because Plaintiff has failed to do so, the Court *sua sponte* dismisses the complaint for failure to state a claim.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to proceed *in forma pauperis* and sua sponte DISMISSES the complaint for failure to state a claim. In the event Plaintiff seeks to file an amended complaint, he must do no later than **June 17, 2022.** If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the

defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

**IT IS SO ORDERED.**

Dated: May 18, 2022

Hon. Gonzalo P. Curiel
United States District Judge